Patrick C. Bageant (WA Bar No. 44268)
HOLLYSTONE LAW
1775 West State Street, No. 286
Boise, ID 83702
Telephone: 208-596-5343
Facsimile: 208-686-8247
Email: pbageant@hollystonelaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT YAKIMA

| | |
|---|---|
| COLUMBIA AG GROUP, LLC, a Delaware limited liability company, and JAY GRAHAM, an individual,<br><br>Plaintiffs,<br>v.<br><br>INTERNATIONAL FARMING CORPORATION, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 1:18-cv-03235<br><br>AMENDED COMPLAINT<br><br>Jury Trial Demanded. |

COME NOW Plaintiffs, Columbia Ag Group, LLC ("CAG") and Jay Graham ("Graham") (collectively, "Plaintiffs"), by and through their counsel of record, pursuant to Federal Rule of Civil Procedure 15(a)(1), and for their Amended Complaint against Defendant, International Farming Corporation, LLC ("IFC"), allege and complain as follows:

## PARTIES

1. Plaintiff CAG is a Delaware limited liability company with its principal place of business in Port Ludlow, Jefferson County, Washington. Its members reside in Port Ludlow, Jefferson County, Washington, and Boise, Ada County, Idaho.

2. Plaintiff Jay Graham is an individual residing in Boise, Ada County, Idaho.

3. Defendant IFC is a Delaware limited liability company with its principal place of business in Kinston, Lenoir County, North Carolina. Upon information and belief, none of the members of IFC reside in the state of Washington.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, as the parties, individually and/or by and through their respective members, are residents of different states, and the amount in controversy in this action exceeds the jurisdictional minimum of $75,000.00.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claim set forth herein occurred, and where a substantial part of property that is the subject of the action is situated.

## GENERAL ALLEGATIONS

6. Plaintiff CAG is a Real Estate Firm licensed in good standing in the State of Washington, License No. 20563.

7. Plaintiff Graham is a Real Estate Managing Broker licensed in good standing in the State of Washington, License No. 26690.

8. On or about September 9, 2017, IFC, CAG, and Graham executed a valid and binding contract, entitled a "Buyer Agency Agreement" ("Agreement").

9. Pursuant to the Agreement, IFC engaged CAG and Graham to act as its exclusive broker to locate prospective businesses and/or properties in the state of Washington for IFC to purchase, specifically "Any Washington State apple packing facility" priced between $20,000,000 and $150,000,000.

10. As compensation for Plaintiffs' services, IFC agreed to pay "a commission equal to three quarters of one percent (0.75%) of the purchase price of applicable businesses or property up to $75 Million and on-half of one percent (0.5%) of the purchase price of such applicable business or property if the applicable purchase price is greater than $75 million" (the "Commission").

11. The "Duration of the Agreement," as set forth therein, was to commence on September 1, 2017 and expire on August 31, 2018.

12. Prior to August 31, 2018, Plaintiffs fully and in good faith performed their obligations under the Agreement, including "advis[ing] [IFC] from time to time



**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

of properties and businesses that [Plaintiffs] feel would be of interest to [IFC], provid[ing] such information about such properties and businesses that [Plaintiffs] can legally provide to [IFC] (respecting any confidentiality agreements executed by [CAG] or Graham), and counsel [IFC] on potential properties or businesses that might become available for purchase."

13. Indeed, before August 31, 2018, Plaintiffs identified and located certain businesses and properties for IFC to purchase, totaling approximately 4,606.5 acres of real property located in Yakima, Grant, Adams, and Kittitas counties, and including apple packing facilities in Wapato, Washington (approximately 78.1 acres) and Selah, Washington (approximately 17.84 acres) (collectively, the "Property").

14. Following Plaintiffs' fulfillment of its obligations under the Agreement, IFC progressed in its efforts to purchase the Property and upon information and belief has agreed to purchase the Property for an amount in excess of $75 million.

15. Upon further information and belief, IFC finalized and closed on its purchase of the Property on or about December 20, 2018.

16. Despite Plaintiffs' full and timely performance under the Agreement, however, IFC, by and through its authorized agents or principals, has indicated to Graham an intention to not fulfill its obligations under the Agreement, to wit: it does not intend to pay, in whole or in part, the Commission that was due and owing to Plaintiffs upon closing of the Property transaction.

17. An actual and justiciable controversy therefore exists between Plaintiffs and Defendant IFC involving the rights and liabilities of the parties under the aforementioned Agreement, which controversy is dependent upon the construction of the Agreement and which controversy may be determined by judgment of this Court without the need for any other lawsuit.

**COUNT I – Declaratory Judgment**

18. Plaintiffs hereby incorporate the foregoing paragraphs of this Amended Complaint as if fully set forth herein.

19. Pursuant to RCW 7.24.020, Plaintiffs are persons interested under a written contract, or whose rights, status or other legal relations are affected by a contract, such that they are entitled to a determination regarding any questions of construction or validity arising under the contract, and to otherwise obtain a declaration of rights, status or other legal relations thereunder.

20. Pursuant to RCW 7.24.030, Plaintiffs are entitled to have the Agreement construed either before or after there has been a breach thereof.

21. As a result of IFC's stated intention to not pay Plaintiffs their rightful Commission according to the terms of and in the amount set forth in the Agreement, a dispute has arisen between these parties as to the obligations of IFC under that Agreement.



**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

22. Plaintiffs are entitled to a judgment declaring their rights to, and IFC's obligation to pay, the Commission according to the calculation set forth in the Agreement.

23. In addition, as a direct and proximate result of Defendant IFC's stated intention not to pay Plaintiffs their Commission under the Agreement, Plaintiffs have been forced to retain legal representation to prosecute this matter and are therefore entitled to recover reasonable attorney fees and costs in this action, pursuant to RCW 4.84.330 and 7.24.100.

## COUNT II – BREACH OF CONTRACT

24. Plaintiffs hereby incorporate the foregoing paragraphs of this Amended Complaint as if fully set forth herein.

25. The Agreement entered into by and between Plaintiffs and IFC was a valid and binding contract, which was effective as of September 1, 2017.

26. The Agreement was to expire by its terms at 11:59 p.m. on August 31, 2018.

27. Pursuant to the terms of the Agreement, Plaintiffs were to "advise [IFC] from time to time of properties and businesses that [Plaintiffs] feel would be of interest to [IFC], provide such information about such properties and businesses that [Plaintiffs] can legally provide to [IFC] (respecting any confidentiality agreements



**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

executed by [CAG] or Graham), and counsel [IFC] on potential properties or businesses that might become available for purchase."

28. In exchange for Plaintiffs' services, above, IFC agreed to pay Plaintiff "a commission equal to three quarters of one percent (0.75%) of the purchase price of applicable business or property up to $75 Million and one-half of one percent (0.5%) of the purchase price of such applicable business or property if the applicable purchase price is greater than $75 million."

29. The Agreement expressly states that the Plaintiffs' commission payment was "due and payable at the time of the applicable closing and only if the applicable property or business is purchased by [IFC]," but does not require such closing to occur prior to 11:59 p.m. on August 31, 2018.

30. Plaintiffs fully performed, in good faith, all material obligations and requirements under the Agreement prior to 11:59 p.m. on August 31, 2018.

31. In addition, Plaintiffs continued to render advice and guidance to IFC after the expiration of the initial term of the Agreement, leading up to the closing on the Property.

32. Despite Plaintiffs having fully performed their obligations under the Agreement before the expiration of the term of the Agreement, IFC has refused to pay Plaintiffs their earned Commission.



**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

33. By failing to pay Plaintiffs the Commission payment due under the Agreement, IFC has materially breached the parties' Agreement.

34. IFC has further breached the covenant of good faith and fair dealing that was implied in the Agreement by failing to honor the terms of the Agreement, and in fact asking more of Plaintiffs than was required under the Agreement, and then refusing to pay Plaintiffs for no reason other than the timing of Defendant's closing on the Property.

35. As a direct and proximate result of IFC's breach of the express and implied terms of the Agreement, Plaintiffs have suffered and continue to suffer damages in an amount to be proven at trial, including but not limited to the amount of the Commission as calculated by the express terms of the Agreement.

36. In addition, as a direct and proximate result of Defendant IFC's breach of the Parties' Agreement, Plaintiffs have been forced to retain legal representation to prosecute this matter and are therefore entitled to recover reasonable attorney fees and costs in this action, pursuant to RCW 4.84.330 and the express terms of the Agreement.

## ATTORNEY FEES

To enforce the terms of the parties' Agreement, Plaintiffs were forced to obtain the assistance of counsel. In accordance with the express terms of the parties' Agreement and RCW 4.84.330 amd 7.24.100, Plaintiffs are entitled to and



**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

respectfully request an award of reasonable costs and attorney fees incurred in prosecuting this matter.

**RESERVATION OF RIGHTS**

Plaintiffs reserve the right to amend this Complaint in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the facts and evidence hereafter discovered or obtained.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant IFC, as follows:

1. That judgment be entered declaring that Defendant IFC is obligated to pay to Plaintiffs the full amount of the Commission as set forth in the parties' Agreement;

2. That judgment be entered against Defendant IFC in favor of Plaintiffs, and awarding Plaintiffs damages in an amount to be proven at trial;

3. That Plaintiffs be awarded prejudgment interest on all liquidated sums at the statutory rate of twelve percent (12%) per annum, pursuant to RCW 4.56.110, 19.52.020, and any other applicable law;

4. That Plaintiffs be awarded postjudgment interest at the statutory rate of twelve percent (12%) per annum pursuant to RCW 4.56.110, 19.52.020, and any other applicable law;



**HOLLYSTONE LAW**
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343

5. That Plaintiffs be awarded their reasonable costs and attorney fees pursuant to the terms of the parties' Agreement and applicable Washington law; and

6. That Plaintiffs be awarded such other, further, and different relief as law and equity may require, and that the Court may deem just and proper in the circumstances.

Dated: January 10, 2019

By: */s/ Patrick C. Bageant*

Patrick C. Bageant (No. 44268)
HOLLYSTONE LAW
1775 West State Street, #286
Boise, ID 83702
Telephone: 208-596-5343
Facsimile: (208) 686-8247
Email: pbageant@hollystonelaw.com

*Attorneys for Plaintiff*

4837-6246-5413, v. 1